Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Tel: (201) 746-0303
Fax: (347) 765-1600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LESLIE WILLIAMS,

                                    Plaintiff,                    COMPLAINT

                    -against-                                    _____-cv-_____ (___)

HAKS ENGINEERS, ARCHITECTS AND LAND              DEMAND FOR JURY TRIAL
SURVEYORS, D.P.C.,

                                    Defendant.
-----------------------------------------------------------------x

   Plaintiff, LESLIE WILLIAMS, by and through her attorneys, Krakower DiChiara

LLC, upon personal knowledge as to herself, and upon information and belief as to other

matters, brings this Complaint against Defendant HAKS ENGINEERS, ARCHITECTS

AND LAND SURVEYORS, D.P.C., and alleges as follows:

## PRELIMINARY STATEMENT

   1. Plaintiff brings this lawsuit seeking recovery against Defendant for

Defendant's violations of Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as

amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") including Title VII's anti-retaliation

provisions; violations of the Age Discrimination in Employment Act, as amended, 42

U.S.C. § 621, *et seq*. ("ADEA") including the ADEA's anti-retaliation provisions; and

violations of the antidiscrimination provisions of New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. ("NYCHRL").

## JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), as well as 42 U.S.C. § 621, *et seq*. ("ADEA").

3.     This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## ADMINISTRATIVE PROCEDURES

6.     Plaintiff has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.

7.     The Equal Opportunity Employment Commission ("EEOC") has issued a Right to Sue Letter, dated August 7, 2017 to Leslie Williams, the Plaintiff herein, for EEOC Charge No. 524-2016-00465.

8.      Allegations in Plaintiff's EEOC charge relate to illegal violations of civil rights on the part of the Defendant.

## THE PARTIES

**Defendant HAKS Engineers, Architects and Land Surveyors, D.P.C. ("HAKS")**

9.      Defendant HAKS is a Domestic For-Profit Corporation organized and existing under the laws of New York operating as a full-service consulting firm.

10.      Defendant maintains principal executive offices and/or a corporate headquarters at 40 Wall Street, 11th Floor, New York, NY 10005.

11.      Defendant has provided the following address for service of process: Corporation Service Company, 80 State Street, Albany, NY 12207.

12.      At all times material and relevant to this action, the Defendant has been and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13.      At all times material and relevant to this action, the Defendant has been and is an "employer" within the meaning of ADEA, 42 U.S.C. § 2000e(b)

14.      At all times relevant to this Complaint, Defendant was, and is, an employer as that term is defined by NYCHRL  § 8-102(5).

15.      At all times relevant to this Complaint, Defendant routinely conducted, and continues to routinely conduct, business within the State of New York and within New York County.

**Plaintiff Leslie Williams**

16.      Plaintiff Leslie Williams ("Plaintiff") is an adult individual who is a resident of Chicago, Illinois.

17.      Plaintiff is African American.

18.      Plaintiff is female.

3

19.     Plaintiff is sixty-nine years old.

20.     Plaintiff was employed by Defendant as a VP of Marketing at Defendant's corporate headquarters in New York City.

21.     Plaintiff was employed from on or about March 15, 2015 until October 2, 2015, when Plaintiff was unlawfully terminated from her employment.

## FACTS

22.     Defendant undertook the following acts and omissions knowingly, willfully, and intentionally.

23.     All actions and omissions described in this Complaint were made by Defendant directly and/or through its supervisory employees and agents.

24.     Plaintiff originally applied for the position of Senior VP for Business Development for Defendant.

25.     However, Defendant instead hired Tim Volanakis, a white male, for the position of Senior VP for Business Development.

26.     Defendant subsequently created a new VP of Marketing position and hired Plaintiff in that position.

27.     As a condition precedent to Defendant hiring Plaintiff, Defendant required Plaintiff to dissolve her consulting business, Magnolia Atelier Consulting, which she did.

28.     Plaintiff dissolved her consulting business in reliance on Defendant's representation in the offer letter that Plaintiff and Defendant would have a "long relationship" together.

29.     Throughout her employment with Defendant, Plaintiff fully, faithfully, and efficiently performed all of the duties of a VP of Marketing within Defendant's

workforce and consistently met or exceeded all of Defendant's reasonable business expectations.

30.     During Ms. Williams' pre-hire interview, senior VP for marketing YUSUF POONAWALA explained that Defendant had two major goals for Plaintiff: (1) to create and implement a "pink and red review process" for all proposals, a process widely used in the Industry but not yet in place at HAKS; and (2) to improve all proposals across the board in appearance and content.

31.     Plaintiff set to work immediately on a review process for potential proposals, which was rolled out in July 2015 with the participation of staff and senior management.

32.     Defendant's submitted a proposal for the New York City Economic Development Corporation ("NYCEDC') titled "CM and Related Consultant Services for Coney lsland.

33.     At a meeting with the Chairman -- Mr. Ahmad -- before Defendant submitted its proposal, NYCEDC officials recited a litany of problems with past Defendant's submissions, from poor writing and deficient graphics to an overload of typographical errors. A prime example is Defendant's proposal for the New York City Economic Development Corporation ("NYCEDC') titled "CM and Related Consultant Services for Coney lsland.

34.     Mr. Ahmad conveyed these urgent concerns to Mr. Poonawala, Ms. Williams, and the senior VP of the responding HAKS engineering department, ALBERTO VILLAMAN, who stressed them again during the kick-off meeting with Defendant's outside consultants.

35.     Plaintiff recommended, and then spearheaded, a total overhaul of the proposal and, because of Plaintiff's efforts, the result was so conspicuously improved that it was short-listed, Defendant was invited to present it and the company was awarded the $13 million contract.

36.     The agency complimented HAKS on its effort, implying a major turnaround in its impression of the firm.

37.     The templates for the Coney Island proposal were then used in other HAKS proposals to make them substantially improved and consistent, achieving the second of Mr. Poonawala's and Chairman's Ahmad's goals in a few short months.

38.     By mid-2015, Plaintiff found herself executing or leading several projects that Mr. Volonakis, in his new role as head of business development, should have been performing. For instance, she worked with Defendant's senior VP, TAREK KHOURI, to create a brochure for the new environmental services division of Defendant's corporation.

39.     Volonakis never became involved, despite several requests by Khouri even with the urging of the senior VP of marketing, Yusuf Poonawalla concurring that this was Volonakis' responsibility and not Ms. Williams' to introduce this new department to the market.

40.     Volonakis was asked several times by Khouri to take him to meetings and introduce him to staff. Volonakis never did either.

41.     Ms. Williams was also asked to prepare a Request for Proposal for HAKS' 25th anniversary celebration to forward to local PR firms.

42.     This too should have been Volonakis' responsibility, but when Ms. Williams asked the President MICHAEL SHAMMA if he was involved, he said no and when she asked Tim Volonakis about his involvement, he knew nothing about it.

43.     Clearly, HAKS's senior management again had more faith in Ms. Williams' capabilities than in Mr. Volonakis'.

44.     Additionally, in 2015 HAKS implemented a new Deltek software system for enterprise resource planning and business management.

45.     Solely the senior VP of marketing, Yusuf Poonawala, handled the project, although Tim Volonakis as head of business development should have been involved; yet he did no work on it at all.

46.     Along the way, Ms. Williams heard many HAKS senior staff including TAREK KHOURI, and other employees ask what Mr. Volonakis' duties and responsibilities were, as they could not tell what he was actually doing.

47.     Despite Mr. Volanakis' poor performance is his role, Defendant refused to terminate him.

48.     Rather than discipline or terminate Mr. Volanakis for failing in his position, Defendant attempted to find a different role with the company for Mr. Volanakis.

49.     Shockingly, Defendant chose to terminate Plaintiff and then offered Plaintiff's position to Mr. Volanakis.

50.     Mr. Volanakis is younger than Plaintiff.

51.     Defendant summarily and shockingly terminated Plaintiff on October 2, 2015.

52.     Prior to Plaintiff's termination, she received excellent performance feedback and was never subjected to any disciplinary actions.

53.     However, it is clear that Defendant terminated Plaintiff due to her race, gender, and/or age.

54.     Defendant treated Plaintiff less well than her similarly situated counterparts due to her race, gender, and/or age.

55.     Notably, Defendant has a track record of hiring non-African American and male individuals in its senior management roles. Ms. Williams was only one of two women in senior management in a male dominated management.

56.     Further, Defendant continued to employ its underperforming white employees and males employees despite their significant performance issues.

57.     In stark contrast, Defendant summarily terminated Plaintiff without cause and in spite of her stellar performance to replace her with an underperformance white, male.

58.     Tellingly of Defendant's twenty-three (23) employees in senior management while Plaintiff was an employee, only two (2) were female and only Plaintiff was an African American and female at the time of her employment.

59.     Plaintiff's termination has left her with substantial economic and emotional damages.

60.     Following Plaintiff's discriminatory termination, Plaintiff filed a Charge of Discrimination in the Equal Employment Opportunity Commission (EEOC).

61.     In response to Plaintiff's Charge of Discrimination, Defendant for the first time alleged Plaintiff was terminated due to performance issues.

8

62.     Defendant's purported reason for terminating Plaintiff that it proffered to the EEOC is clearly pretextual as Plaintiff had excelled in her position and accomplished all company goals she was tasked with.

63.     Even if Defendant had terminated Plaintiff for performance issues, Plaintiff's termination would still be discriminatory as Defendant did not similarly terminate non-African American and male employees for performance issues.

## FIRST CLAIM FOR RELIEF
## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

64.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

65.     Defendant, through it agents, engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the race of Plaintiff.

66.     Defendant discriminated against Plaintiff because of her race by subjecting Plaintiff to disciplinary measures and by terminating Plaintiff.

67.     To the extent that Defendant provided any avenue of complaint, Plaintiff reasonable availed herself of the company procedures Defendant provided to its employees.

68.     The aforementioned actions of Defendant constitute an ongoing pattern and practice of race-based discrimination and harassment.

69.     These acts violate Title VII and are illegal.

70.     As a result of such conduct by Defendants, Plaintiff has suffered damages and in entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendant's unlawful conduct.

9

71.     Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled an award of punitive damages against Defendant.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION DUE TO GENDER IN VIOLATION OF TITLE VII

72.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

73.     Defendant, through it agents, engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the color of Plaintiff.

74.     Defendant discriminated against Plaintiff because of her gender by subjecting Plaintiff to disciplinary measures and by terminating Plaintiff.

75.     To the extent that Defendant provided any avenue of complaint, Plaintiff reasonable availed herself of the company procedures Defendant provided to its employees.

76.     The aforementioned actions of Defendant constitute an ongoing pattern and practice of gender discrimination and harassment.

77.     These acts violate Title VII and are illegal.

78.     As a result of such conduct by Defendants, Plaintiff has suffered damages and in entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendant's unlawful conduct.

79.     Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled an award of punitive damages against Defendant.

**THIRD CLAIM FOR RELIEF**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

80.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

81.     ADEA makes it unlawful to discriminate against any individual on the basis of age.

82.     Plaintiff is sixty-nine (69) years old.

83.     At all times relevant to this Complaint, Plaintiff was in excess of forty (40) years of age.

84.     By being in excess of forty (40) years of age, Plaintiff is in a protected class pursuant to the ADEA.

85.     Defendant is liable for the discrimination alleged herein under the doctrine of respondent superior.

86.     Discrimination that creates an abusive and hostile work environment such that the conditions of employment are altered, is actionable under ADEA as age-based discrimination.

87.     With respect to allegations of discrimination due to age, Defendant is strictly liable for the acts of its supervisory employees because the harassers used their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

88.     Defendant is liable for the acts of co-workers of Plaintiff because the Defendant provided no reasonable avenue of complaint.

89.     To the extent that Defendant provided any avenue of complaint, Plaintiff reasonably availed herself of the complaint procedures Defendant provided to its employees.

90.     Defendant is liable for the acts of co-workers of Plaintiff because Defendant knew of the harassment but undertook no actions reasonably calculated to remedy the harassment.

91.     Defendant is liable for the acts alleged herein because the Defendant's managers established an institutional culture at Defendant's company that tolerated and encouraged discrimination based on age.

92.     The hostile work environment created at Defendant's company was sufficiently severe and pervasive such that it altered the condition of plaintiff's employment, affected the terms, conditions and privileges thereof in violation of the ADEA.

93.     Based upon the foregoing Defendant has discriminated against Plaintiff on the basis of her age and deprived her of her rights in violation of the ADEA.

94.     As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

**FOURTH CLAIM FOR RELIEF**
**RACIAL DISCRIMINATION IN VIOLATION OF NYCHRL**

95.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

96.     At all times relevant to this Complaint Defendant was, and continues to be, an employer within the meaning of NYCHRL § 8-102(5) and employed employees, including Plaintiff.

97.     The NYCHRL makes it unlawful to discriminate against any individual on the basis of race.

98.     Plaintiff is African American and a member of a class protected by the NYCHRL.

99.     Defendant engaged in unlawful discriminatory practices as that term is defined the NYCHRL § 8-107 by discriminating against Plaintiff in compensation or in terms, conditions or privileges of her employment.

100.     With respect to allegations of harassment based on race, the Defendant is strictly liable for the acts of its supervisory employees because these employees used their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

101.     To the extent that Defendant provided any avenue of complaint, Plaintiff reasonably availed herself of the Human Resources and other complaint procedures Defendant provided to its employees.

102.     Defendant failed to exercise reasonable care to prevent and correct promptly any discrimination based on race.

103.    Based upon the foregoing the Defendant discriminated against Plaintiff on the basis of race and deprived her of her rights in violation of the NYCHRL.

104.    As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

105.    Defendant's discriminatory treatment of plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**FIFTH CLAIM FOR RELIEF**
**GENDER DISCRIMINATION IN VIOLATION OF NYCHRL**

106.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

107.    At all times relevant to this Complaint Defendant was, and continues to be, an employer within the meaning of NYCHRL § 8-102(5) and employed employees, including Plaintiff.

108.    The NYCHRL makes it unlawful to discriminate against any individual on the basis of gender.

109.    Plaintiff is female and a member of a class protected by the NYCHRL.

110.    Defendant engaged in unlawful discriminatory practices as that term is defined the NYCHRL § 8-107 by discriminating against Plaintiff in compensation or in terms, conditions or privileges of her employment.

111.    With respect to allegations of harassment based on color, the Defendant is strictly liable for the acts of its supervisory employees because these employees used

their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

112.    To the extent that Defendant provided any avenue of complaint, Plaintiff reasonably availed herself of the Human Resources and other complaint procedures Defendant provided to its employees.

113.    Defendant failed to exercise reasonable care to prevent and correct promptly any discrimination based on gender.

114.    Based upon the foregoing the Defendant discriminated against Plaintiff on the basis of gender and deprived her of her rights in violation of the NYCHRL.

115.    As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

116.    Defendant's discriminatory treatment of plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**SIXTH CLAIM FOR RELIEF**
**AGE DISCRIMINATION IN VIOLATION OF NYCHRL**

117.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

118.    At all times relevant to this Complaint Defendant was, and continues to be, an employer within the meaning of NYCHRL § 8-102(5) and employed employees, including Plaintiff.

119.    The NYCHRL makes it unlawful to discriminate against any individual on the basis of age.

120.    Plaintiff is sixty-nine (69) years old and a member of a class protected by the NYCHRL.

121.    Defendant engaged in unlawful discriminatory practices as that term is defined the NYCHRL § 8-107 by discriminating against Plaintiff in compensation or in terms, conditions or privileges of her employment.

122.    With respect to allegations of harassment based on age, the Defendant is strictly liable for the acts of its supervisory employees because these employees used their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

123.    To the extent that Defendant provided any avenue of complaint, Plaintiff reasonably availed herself of the Human Resources and other complaint procedures Defendant provided to its employees.

124.    Defendant failed to exercise reasonable care to prevent and correct promptly any discrimination based on age.

125.    Based upon the foregoing the Defendant discriminated against Plaintiff on the basis of age and deprived her of her rights in violation of the NYCHRL.

126.    As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

127.     Defendant's discriminatory treatment of plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

A.     All compensatory and economic damages;

B.     All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C.     All punitive and statutory damages authorized by law;

D.     Pre-judgment and post-judgment interest; and

E.     Such further relief as the Court finds just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated: November 2, 2017       Respectfully submitted,

KRAKOWER DICHIARA LLC

By: s/ Michael R. DiChiara
     Michael R. DiChiara
77 Market Street, Suite 2
Park Ridge, NJ 07656
T: (201) 746-0303
F: (347) 765-1600